**IN THE COURT OF APPEALS OF IOWA**

No. 21-2000
Filed July 20, 2022

**IN THE INTEREST OF L.S.,**
**Minor Child,**

**M.S., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Marion County, Steven Guiter,
District Associate Judge.

A father appeals the termination of his parental rights to his child.
**AFFIRMED.**

Nicholas Einwalter, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

William E. Sales III of Sales Law Firm, P.C., Des Moines, attorney and
guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**BADDING, Judge.**

A father who was incarcerated in a different state and admitted his child could not be returned to his care at the time of the termination hearing appeals the termination of his parental rights under Iowa Code section 232.116(1)(f) (2021).[1] We review each of his claims de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

The father first challenges the sufficiency of the evidence supporting the final element of the ground for termination cited by the juvenile court. *See* Iowa Code § 232.116(1)(f)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time). But his challenge runs into a roadblock because of his incarceration and admission that the child could not presently be returned to his care. To get around this obstacle, the father argues the child could have been returned to the mother. Setting aside the father's testimony at the termination hearing that "in [his] gut feelings [he] don't think her mom is ready to have her at this point yet," termination of the father's rights is a separate decision from termination of the mother's rights—both factually and legally. *See In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020). The father lacks standing to challenge that final decision. *See id.* We have "consistently rejected challenges to termination of one parent's rights based solely on the assertion that the child could" or should have been returned to the other parent and do so again here. *In re C.T.,* No. 18-2199, 2019 WL 1055897, at *1 n.1 (Iowa Ct. App. Mar. 6, 2019) (collecting cases).

---

[1] The mother also appealed the termination of her parental rights. Her appeal was dismissed by the supreme court for failure to comply with appellate rules.

The father's related claim that termination of his rights is not in the child's best interests because the child could have been returned to the mother's care fails for the same reason. *See J.H.*, 952 N.W.2d at 171. On the best-interests issue, the father also asserts "he did participate in services as available." But in determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The record shows that at the time of the termination hearing, the father had been incarcerated in Pennsylvania for roughly a year on pending felony charges involving sexual crimes against a minor, during which time he had not seen the child. And, simply stated, the child fears the father. The defining elements of the child's best interests— safety and need for a permanent home—are best served by termination of the father's rights. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

The father also passively notes a "six month extension would likely have allowed both parents to retain their parental rights." Limiting our review to the father's circumstances, he has not enumerated what factors, conditions, or expected behavioral changes will alleviate the need for removal at the end of an extension. *See* Iowa Code § 232.104(2)(b). We don't even know if he will be out of jail or prison by then. So we have no basis to conclude an extension of time is warranted.

All told, we affirm the termination of the father's parental rights.

**AFFIRMED.**